UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KAREN C. REED, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:22-cv-156-CEA-DCP |
| ELEANOR REED TODD, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the District Judge's Order [Doc. 16] referring the motion to the undersigned.

Now before the Court is the Joint Motion for Order Allowing Parties to Sell Real Property [Doc. 10]. The parties appeared before the Court on September 21, 2022, for a telephonic motion hearing. Attorney Robert Haskins appeared on behalf of Plaintiff. Eleanor Reed appeared pro se, and Joanna Koch appeared pro se.[1] Attorney Maria Ruwe appeared on behalf of the United States. Attorney Stuart Cassell, who represents Elaine Reed, did not attend the telephonic hearing.[2] Defendant Patrick R. McKenrick, the administrator ad litem of the Estate of Warren Gilmer Reed, Jr., also did not attend the hearing. Accordingly, for the reasons set forth below the Court **RECOMMENDS** that the District Judge **GRANT** the Joint Motion [**Doc. 10**].

---

[1] The Court observes that in CM/ECF, Eleanor Reed is listed as "Eleanor Reed Todd." During the telephonic hearing, she stated that her name is "Eleanor Reed." In addition, Joanna Koch is listed as "Joanna Reed" in CM/ECF. She stated that she goes by "Joanna Koch."

[2] Attorney Cassell originally represented Michael Reed, but on September 21, 2020, the Chancery Court of Knox County, Tennessee entered an Order for Substitution of Parties [Doc. 1-15], substituting Elaine Reed for Michael Reed given Michael Reed's passing. During the telephonic hearing, Plaintiff explained that Elaine Reed was Michael Reed's wife.

**I. ANALYSIS**

By way of background, this is a partition action for the sale of a condo in Knoxville, Tennessee [Doc. 10 ¶ 1]; *see also* [Doc. 18-1 p. 1] (description of the property). The parties, except the United States, own the condo [Doc. 10 ¶ 2]. Prior to the United States removing the case to this Court, the parties agreed that it was in their best interests to partition the condo by sale and distribute the proceeds [*Id*.]. The Knox County Chancery Court granted a motion on February 8, 2021, authorizing the parties to sell the condo [*Id*.]; *see also* [Doc. 1-10]. The parties later discovered that the Internal Revenue Service ("IRS") maintains tax liens against Warren Gilmer Reed, Jr., and Michael and Elaine Reed [Doc. 10 ¶ 3]. These encumbrances prevented the parties from selling the condo [*Id*.]. Pursuant to 28 U.S.C. §§ 1441, 1442, 1444, and 1446, the United States removed this case to this Court on April 29, 2022 [Doc. 1].

The Joint Motion states that the movants agree that it is in their best interests to partition the condo by sale, but they disagree as to how the proceeds should be distributed. They wish to preserve that issue for later, but in order to prevent further delay of the sale of the condo, the movants request that they deposit the proceeds from the sale with the Court. The parties prepared an Order Allowing the Parties to Sell Real Property [Doc. 10-1] for the Court's consideration. Among other provisions, the order provides that the real property identified in the Amended Complaint [Doc. 1-18] ("Real Property") shall be sold [Doc. 10-1 ¶ 1]. In addition, the order provides that the parties will place the sale proceeds with the Court and that two-fifths of the sale proceeds are "subject to those lien(s), claim(s), and interest(s) of the Real Property in the same manner and with the same priority that the IRS lien(s), claim(s), and interest(s) had, if any, with respect to the Real Property prior to the entry of this Order [*Id.* ¶¶ 1–2].

The Court observes that the following parties signed the motion: (1) counsel for Plaintiff, Attorney Robert Haskins, (2) counsel for the United States, Attorney Maria Ruwe, and (3) counsel for Elaine Reed, Attorney Stuart Cassell. In addition, the parties submitted an email from Patrick McKenrick, the administrator ad litem of the Estate of Warren Gilmer Reed Jr., stating, "I approve of the Joint Motion and proposed Order as attached" [Doc. 10-2 p. 1].[3] Pro se parties Eleanor Reed and Joanna Koch did not sign the motion.

During the telephonic motion hearing, Plaintiff stated that the closing on the property is scheduled for October 28, 2022, and that the contract price is for $190,000.00. Eleanor Reed and Joanna Koch stated that they agreed with selling the property. Given that all parties agree to the sale, the Court finds the Joint Motion [**Doc. 10**] well taken and **RECOMMENDS** that it be granted. *See* Tenn. Code Ann. § 29-27-101 ("Any person having an estate of inheritance, or for life, or years, in lands, and holding or being in possession thereof, as tenant in common or otherwise, with others, is entitled to partition thereof, or sale for partition, under this chapter").

## II. CONCLUSION

Accordingly, in light of no opposition and the parties' representation that the sale is in their best interests, *see* Tenn. Code Ann. § 29-27-101, the Court **RECOMMENDS**[4] that the District

---

[3] Attorney McKenrick also states that his application for admission to the Eastern District remains pending [Doc. 10-2 p. 1]. The Court **DIRECTS** Attorney McKenrick to Local Rule 83.5(b)(1)(C), which provides that an applicant who has an application for admission pending under Local Rule 83.5(a) "may be admitted *pro hac vice* upon proper motion without prepayment of a fee, provided the applicant files an affidavit of [his] application for admission to the bar of this Court."

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v.*

3

Case 3:22-cv-00156-CEA-DCP   Document 20   Filed 09/26/22   Page 3 of 4   PageID #: 125

Judge **GRANT** the Joint Motion for Order Allowing Parties to Sell Real Property [**Doc. 10**]. The Court further **RECOMMENDS** that the District Judge enter the parties' proposed order [Doc. 10-1] with the following additional language: (1) Plaintiff shall serve the order permitting the deposit on the Clerk of Court, *see* E.D. Tenn. L.R. 67.1(a)(1), and (2) the Clerk of Court must deposit the funds into an interest-bearing account and maintain it until the Court provides otherwise, *see* E.D. Tenn. L.R. 67.1(b)(1).

The Court **DIRECTS** the Clerk of Court to update CM/ECF to reflect that Elaine Reed has been substituted on behalf of Michael C. Reed as a party to this action [Doc. 15-1]. In addition, the Court **DIRECTS** the Clerk of Court to update CM/ECF to reflect that "Eleanor Reed Todd" is "Eleanor Reed" and that "Joanna Reed" is "Joanna Koch." Finally, the Court **DIRECTS** the Clerk to mail a copy of this Report and Recommendation to all pro se parties and to mail and email this Report and Recommendation to Patrick McKenrick at the addresses provided in [Doc. 10-2].

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

*Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

4

Case 3:22-cv-00156-CEA-DCP   Document 20   Filed 09/26/22   Page 4 of 4   PageID #: 126